UNITED STATES of America and Maria Della Mora, Revenue Officer of the Internal Revenue Service, Plaintiffs,

v.

Phillip B. GRABLE, Defendant.

No. G84–1130 CA.

United States District Court, W.D. Michigan, S.D.

Aug. 23, 1985.

---

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div. by D. Patrick Mullarkey, Chief, Civil Trial Section, U.S. Dept. of Justice, Washington, D.C., John A. Smietanka, U.S. Atty. by Edith A. Landman, Grand Rapids, Mich., for Government.

David M. Gadaleto, Theresa Mikan, Lansing, Mich., for defendant.

## OPINION RE MOTION FOR ASSESSMENT OF ATTORNEY FEES

HILLMAN, District Judge.

This was originally an action to enforce an Internal Revenue summons issued by a revenue officer of the Internal Revenue Service (IRS) to respondent, Phillip B. Grable (taxpayer), pursuant to section 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602. The summons arose out of an investigation of the federal tax liability of the taxpayer for the years 1979 through 1982. The case is now before the court on the government's motion for the assessment of attorney fees against the taxpayer's attorney, David M. Gadaleto (Gadaleto).

A petition to enforce the IRS summons was filed in this court pursuant to section 7402(b) and 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7402(b) and 7604(a). The taxpayer was ordered to show cause on February 2, 1984, why he should not be ordered to obey the summons. At the request of the taxpayer, the hearing on the order was adjourned to February 10, 1984. At the show cause hearing, Gadaleto appeared on behalf of the taxpayer and argued that the summons was unenforceable because the assessment and payment of income taxes is purely voluntary. On March 1, 1984, United States Magistrate Stephen W. Karr filed a report and recommendation that the court enter an order compelling the taxpayer to comply with the summons previously served on him. The taxpayer filed objections to the magistrate's report and recommendation. One of these objections, entitled, "Claim One," was factually based and signed by the taxpayer's attorney, Gadaleto. The other, "Claim Two," asserted various constitutional infirmities in the summons specifically and the income tax laws generally, and was signed only by the taxpayer. After considering the taxpayer's objections, this court adopted the magistrate's report and recommendation and granted the government's petition to enforce the IRS summons as issued. The taxpayer was ordered to comply with the summons on July 2, 1984. Pursuant to a request by Gadaleto, the date set for compliance was extended to July 9, 1984.

At the July 9, 1984, compliance meeting between the taxpayer and the IRS agent, Gadaleto submitted a "Government Employee Questionnaire" to the revenue officer and stated that his client would not comply with the summons until the agent answered the 22 questions on that questionnaire. The meeting terminated without the taxpayer complying with the summons as directed by this court's enforcement order of June 1, 1984.

On July 10, 1984, the United States filed a petition that the taxpayer be required to show cause why he should not be held in contempt of court for his disregard for this court's order. An order to show cause was entered July 12, 1984. By letter dated July 26, 1984, the government's attorney was advised by Gadaleto that his research had disclosed that the IRS agent's refusal to answer questions was not a defense to the enforcement of the summons. He requested that another time and date be set for compliance with the summons.

On September 4, 1984, Gadaleto and the taxpayer again met with the IRS agent for the purported purpose of complying with the summons. However, Gadaleto announced that his client had no records which reflected or pertained to income since there is no section of the Internal Revenue Code which defines income. Yet, he further stated that his client would turn over specific items in response to specific requests. Repeatedly, in response to the

IRS agent's request for any records reflecting respondent's income for the years 1979 through 1982, Gadaleto stated that his client had no records that reflected income. When questioned about gross receipts, Gadaleto responded: "I'm sorry, I don't know what that means." Nevertheless, in response to specific requests, the taxpayer, by his attorney, did produce certain records, i.e., bank statements and sales tax returns for the State of Michigan, but not others.

The government pursued its petition to show cause why the taxpayer should not be held in contempt of court for noncompliance with the June 1, 1984, court order directing that he comply with the IRS summons. At the September 17, 1984, show cause hearing, it emerged that at the September 4, 1984, summons enforcement meeting, the taxpayer had with him a set of 17 file folders entitled, "Gross Proceeds." As noted, Gadaleto when questioned about gross receipts on September 4, 1984, had responded: "I'm sorry, I don't know what that means."

At the contempt show cause hearing, Gadaleto again asserted his argument that full compliance with the IRS summons was not possible because the word "income" is without definition or meaning and because the Internal Revenue Code nowhere establishes that any citizen is liable for income taxes. Despite these contentions, I ordered that the taxpayer produce the 17 files labelled, "Gross Proceeds," for inspection for a second time since I found the IRS summons perfectly clear on its face. Further, since the taxpayer is a self-employed businessman who makes and sells archery equipment, I found the information in the files concerning his sales of that archery equipment clearly reflected income within the meaning of the IRS summons. The taxpayer was, therefore, ordered to turn the records over to the IRS and was questioned by an attorney for the government regarding the records. The petition for contempt was dismissed on October 11, 1984, pursuant to the government's notice that respondent Grable had complied with the summons.

The government now seeks assessment of its attorney fees against the taxpayer's attorney, Gadaleto, pursuant to Fed.R. Civ.P. 11, and Local Court Rule 49, on the grounds that Gadaleto asserted arguments in opposition to enforcement of the summons which were not supportable by existing case law and as such were frivolous.

Fed.R.Civ.P. 11 provides that the signature of an attorney on a pleading constitutes certification that the attorney "has read the pleading ... [and] that to the best of his knowledge, information, and belief ... it is well grounded in fact and is warranted by the existing law or a good faith argument for the extension, modification, or reversal of existing law." Further, Fed. R.Civ.P. 11 provides that a pleading signed in violation of Rule 11 may result in the imposition of sanctions "upon the person who signed it, a represented party, or both." I find that Rule 11 does not provide a basis for granting the government's request because Gadaleto did not sign those portions of the taxpayer's pleadings in which the taxpayer asserts his various constitutional attacks on the Internal Revenue laws generally, and the summons in particular.

However, Gadaleto did make oral arguments at both of the show cause hearings which were not warranted by existing law or a good faith argument for changes in the law. Further, in both of two compliance meetings following this court's order that the taxpayer comply with the IRS summons, Gadaleto posed frivolous objections to the taxpayer's compliance.

Local Court Rule 49(c) provides that the court may, in its discretion, impose attorney fees on an attorney who asserts frivolous opposition to a party's motion. *See also Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). (Courts have inherent power to award attorney fees in particular situations such as willful disobedience of a court order or

when a losing party[1] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.)

The government apparently seeks fees for all of the proceedings from the time Gadaleto first appeared to represent the taxpayer Grable. While I admit some skepticism regarding either the good faith or the competence of the taxpayer's attorney during all of the proceedings, I do not find Gadaleto's positions unequivocally frivolous and in bad faith until the July 9, 1984, compliance meeting.[2] At that meeting, his client was already under court order to comply with the IRS summons. Further, the summons was clear on its face. Instead of advising his client's compliance, Gadaleto demanded that the IRS agent answer 22 written questions, and refused any compliance until she had done so. Gadaleto subsequently acknowledged that such refusal of an IRS agent to answer written questions is no defense to the enforcement of an IRS summons, which enforcement had already been ordered by this court. *See United States v. Berney*, 713 F.2d 568 (10th Cir.1983). At the second compliance meeting of September 4, 1984, scheduled at Gadaleto's request, he again obstructed compliance with his assertions that he did not know the meaning of "income" nor the meaning of "gross receipts." Gadaleto asserted similarly frivolous positions at the contempt hearing in this matter.

Accordingly, I find an award of attorney fees incurred by the government, against the taxpayer's attorney David M. Gadaleto, clearly appropriate. Upon the government's submission of an affidavit documenting its reasonable attorney fees for proceedings subsequent to the July 9, 1984, compliance meeting, an order making such an award will be entered.

1. One of Gadaleto's arguments in opposition to the government's motion for assessment of attorney fees against him, is that the government was not the prevailing party since the taxpayer was not held in contempt of court for refusing to comply with the enforcement order. This argument is without merit. The government eventually secured compliance with the IRS summons, which had been its original objective. This court hesitated to impose the sanction of contempt against the taxpayer for his delay in

compliance only because it questioned the accuracy of the legal advice the taxpayer had received.

2. Although Gadaleto's arguments at the first show cause hearing appear completely frivolous, I give him the benefit of the doubt based on his recent entry into the case and his self-proclaimed lack of expertise in the tax area.